George Bochetto (Pa. I.D. No. 27783)
Albert M. Belmont, III (Pa. I.D. No. 84817)
BOCHETTO & LENTZ, P.C.
1524 Locust Street
Philadelphia, PA 19102
Telephone: (215) 735-3900
gbochetto@bochettoandlentz.com
abelmont@bochettoandlentz.com
*Attorneys for Plaintiff Veritas Medical Solutions*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| VERITAS MEDICAL SOLUTIONS, LLC, A PENNSYLVANIA LIMITED LIABILITY COMPANY, <br><br> Plaintiff <br><br> v. <br><br> ALLIANCE INTERNATIONAL MEDICAL (AIM) LIMITED, A JAMAICAN COMPANY, <br><br> Defendant. | CASE NO._____ <br><br><br> **COMPLAINT** |

Plaintiff Veritas Medical Solutions, by and through its undersigned attorneys, as and for its Complaint against Defendant Alliance International Medical (AIM) Limited, hereby alleges as follows:

**THE PARTIES**

1.      Plaintiff Veritas Medical Solutions, LLC ("Veritas") is a Pennsylvania limited liability company with a business address of 160 Cassell Road, Harleysville, PA 19438.  The members of Veritas, reside or have their principal place of business, upon information and belief, in Pennsylvania.  None of the members reside or have a principal place of business outside the United States.  Therefore, Veritas is a citizen of Pennsylvania.

2.      Defendant Alliance International Medical (AIM) Limited is Jamaican company with a principal place of business address of Lot 12 Business Center, Drax Hall, Saint Anns Bay,

Jamaica, with a registered address of 5 Main Street, Gayle, St. Mary, Jamaica, and with an additional mailing address of c/o Jason Standford, PhD, Gibraltar Estate, Oracabessa, St. Mary, St. Ann, Jamaica.  Therefore, AIM is a citizen of Jamaica.

## JURISDICTION

3.      All sums of money alleged herein are in U.S. Dollars.

4.      This Court has diversity jurisdiction over the instant matter pursuant to 28 U.S.C. §1332(a)(2) because the dispute is between citizens of a State (Pennsylvania)  and citizens or subjects of a foreign state (Jamaica) and the amount in controversy exceeds $75,000.00, exclusive of costs and interest, and there is an actual and continuing controversy between Veritas and AIM.

5.      Venue is proper pursuant to 28 U.S.C. § 1391 because Defendants are subject to personal jurisdiction in this District, having communicated with the Plaintiffs in this District in Pennsylvania on multiple occasions, and because a substantial part of the events, acts and/or omissions giving rise to Plaintiff's claims occurred in this District in Pennsylvania.

## GENERAL ALLEGATIONS

6.      Veritas designs, manufactures and provides radiation shielding solutions for healthcare facilities around the world.

7.      AIM is a full-service cancer and health center based in Jamaica.  According to its website, it "was incorporated in 2020 to fill a gap in Jamaica's cancer care offerings and become the Caribbean's first full-service treatment facility."

8.      After trade show in the United States which the parties attended,  AIM contacted Veritas in Pennsylvania and Veritas entered into a contract dated November 12, 2021 with AIM for the design and construction of a  radiation shielded Veritas Treatment room for an Elektra Versa

2

HD linear accelerator machine in St. Ann, Jamaica (the "Project"). A copy of the Agreement is attached hereto as **Exhibit "A."**

9. At the time of execution, the total sum due from AIM to Veritas was $940,000 USD, subject to adjustment and additional charges as set forth more fully in the Agreement. See Agreement, § 2.

10. The total sum due under the Agreement has further increased by virtues of Change Order No. 1 dated 9/8/22 and Change Order No. 2 dated 1/27/23 in the amount of $58,565.00 USD. Copies of Change Orders Nos. 1 and 2 are attached hereto as **Exhibit "B."**

11. Thereafter, the total sum due under the Agreement has further increased by virtue of Change Order No. 3 dated 7/7/23, in the amount of $41,952.50. A copy of Change Order No. 3 is attached hereto as **Exhibit "C."**

12. Finally, the total sum due under the Agreement has further increased by virtue of Change Order No. 4 dated 4/8/24 in the amount of $12,152.00 for work requested by AIM. A copy of Change Order No. 4 is attached hereto as **Exhibit "D."**

13. The foregoing sum was to be paid by Defendants as follows: "5% of contract price" on execution and then "monthly progress billing thereafter." See Agreement, Standard Terms & Conditions of Sale ("Terms and Conditions"), ¶ 2.

14. Paragraph 5 ("Payment Terms") of the Terms and Conditions further states:

5. PAYMENT TERMS

Unless otherwise agreed in writing, invoices are due upon receipt. All billing will be in accordance with accepted "Performance Payment Schedule" provided by Veritas. Buyer agrees to pay interest on any unpaid balance at a rate of five percentage points above the annual Federal Funds rate as specified in the Wall Street Journal on the day the balance becomes ten (10) days past the Invoice date. Client agrees to release and pay Veritas all outstanding funds within sixty (60) days after completion of Veritas work. Unless otherwise agreed in writing, all payments shall be in United States dollars. For contracts in Europe, Veritas may require payment to be secured by an irrevocable letter of credit or a bank guarantee acceptable to Veritas. Where payment is made by letter of credit, all costs of collection shall be for Buyer's account. In the event that Veritas is required to bring legal action to collect delinquent accounts, Buyer agrees to pay reasonable attorney's fees and costs of suit. In cases where Buyer and Veritas agree in writing to payment in a currency other than the USD, the cost of currency insurance shall be paid by the Buyer as a requirement for Veritas receiving payment in a currency other than the USD.

See Agreement, Terms and Conditions, ¶ 5.

3

15.    Pursuant to the foregoing provision of the Agreement, and given the international nature of the Project and the significant sums involved,  Veritas required, among other things, issuance of an Irrevocable Letter of Credit (the "ILOC") by November 30, 2022 as security for AIM's obligations under the Agreement.

16.    AIM never provided the ILOC as required.

17.    Veritas also retains a security interest in the products until paid in full.  See Agreement, Terms and Conditions, ¶ 6.

18.    Despite this, Veritas continued to operate in good faith in an effort to preserve the project and relationship.  On January 17, 2022, Veritas issued the Transfer of Title and Ownership dated January 17, 2022, due to an initial payment by AIM, a copy of which is attached hereto as **Exhibit "E."**  However, due to delays in payment by AIM of the remaining sums due, the material was not shipped to Jamaica until May 2025 whereupon AIM continued to fail to pay the sums and, as set forth further below, failed to pay the duties on the material and  to clear the goods from Jamaica customs resulting in further damage to Veritas.

19.    Despite Veritas being owed $1,053,669.50 USD in connection with the Agreement and the Change Orders, AIM has only paid Veritas approximately $500,000 USD.

20.    Since execution of the Agreement, there has been a consistent pattern of promises of payment but also delays in doing so by AIM, shifting timelines in AIM's promised performance, and non-performance by AIM of its contractual obligations and promises to Veritas.

21.    The latest promise of payment was in late 2025, when AIM claimed to Veritas it was obtaining private equity investment funds and would be able to repay Veritas.  This has not yet materialized.

22. At this time, AIM is in material breach of the Agreement. AIM is significantly in arrears in its payment of the Project Price and owes the remaining unpaid amount of at least $553,669.50 US. AIM's repeated promises of performance have proven hollow and Veritas's costs associated with the Agreement have increased.

23. In addition to what is owed under the Agreement and Change Orders, compounding the damages already caused to Veritas by AIM's breaches, a portion of the goods associated with the Project (the "Stored Goods") have been incurring demurrage and related storage charges at the Kingston, Jamaica Port since May 30, 2025.

24. AIM's failure to timely pay the duties and to clear the goods from Jamaica customs is the proximate cause of these demurrage and related storage charges.

25. Veritas' potential exposure for the Stored Goods now exceeds USD $250,000.00 and continues to accrue. These costs are directly attributable to AIM's failure to perform

26. On November 20, 2025, Veritas issued a formal notice of default under the Agreement and due to Defendants' material breaches of the Agreement and its demonstrated inability to meet its financial obligations in the normal course of business, Veritas has suspended performance and hereby cancels any future unfilled orders pursuant to Section 7(c) of the Terms and Conditions of the Agreement. A copy of the 11/20/25 Notice of Default is attached hereto as **Exhibit "F."** The defaults, however, have not been cured by AIM.

27. Veritas has attempted to mitigate its damages by re-routing the Stored Goods away from Jamaica, but this was denied by the local authorities at the port.

28. Pursuant to Section 9 of the Terms and Conditions, upon prevailing on its claims in this matter Veritas is entitled to its reasonable attorneys' fees and costs.

29.     Pursuant to Section 17 of the Terms and Conditions, the parties' rights and obligations under the Agreement are governed by Pennsylvania law.

**FIRST CAUSE OF ACTION**
**<u>BREACH OF CONTRACT</u>**
**(VERITAS v. AIM)**

30.     Plaintiff incorporates by reference all other paragraphs of this pleading as if set forth at length herein.

31.     As set more fully set forth above, the parties entered into the Agreement and related Change Orders.

32.     As set more fully set forth above, Veritas has performed its obligations under the Agreement and related Change Orders.

33.     Defendant's conduct, as set forth above, including its failure to pay sums due under the Agreement and related Change Orders to Plaintiff and to timely pay the duties and  to clear the Stored Goods from Jamaica customs, constitutes a breach of the Agreement and related Change Orders.

34.     As a result of Defendant's breaches, Plaintiff been damaged, and continues to incur damages in the amount of the unpaid sums due under the Agreement and related Change Orders, as well as demurrage and related storage charges at the Kingston, Jamaica Port for the materials delivered to AIM.

WHEREFORE, Plaintiff Veritas Medical Solutions, LLC requests judgment in its favor against Defendant Alliance International Medical Ltd. and that the Court enter an Order:

A.     Awarding Plaintiff actual damages, including compensatory damages, in an amount to be determined by the Court;

B.     Awarding Plaintiff pre- and post-judgment interest as allowed by law; and

C.    Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper, including the award of costs, expenses, and reasonable attorneys' fees incurred by Plaintiff in this action.

**SECOND CAUSE OF ACTION**
**DECLARATORY JUDGMENT**
**(VERITAS v. AIM)**

35.    Plaintiff incorporates by reference all other paragraphs of this pleading as if set forth at length herein.

36.    The Declaratory Judgments Act, 42 Pa.C.S. § 7531 *et seq.*, provides that a Court of competent jurisdiction has the power to construe contracts and declare rights and legal relations thereunder in the form of an equitable remedy.

37.    Specifically, "[a]ny person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise, and obtain a declaration of rights, status, or other legal relations thereunder." 42 Pa.C.S. § 7533.

38.    Further, the federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), provides "In a case of actual controversy within its jurisdiction…any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

39.    As set forth above, a dispute has arisen between the parties concerning their rights under the Agreement.

40.    Under these circumstances, as a matter of law and equity, due to Veritas's performance under the Agreement and due to AIM's material breach of the Agreement, the Court should enter an Order declaring that (1) the Agreement is terminated and Veritas has no further

obligations to AIM under the Agreement, (2) Veritas's perfected security interest under Section 6 of the Agreement entitles it to immediate possession to the Stored Goods due to AIM's material breaches or, alternatively, AIM's breach revests title to the Stored Goods with Veritas and Veritas may remove the Stored Goods from Jamaica, (3) in addition to any other sums due under the Agreement, AIM is responsible for demurrage and related storage charges for the Stored Goods at the Kingston, Jamaica Port since May 30, 2025.

WHEREFORE, Plaintiff Veritas Medical Solutions, LLC requests judgment in its favor against Defendant Alliance International Medical Ltd. and that the Court enter an Order:

A.   Declaring that the Agreement is terminated and Veritas has no further obligations to AIM under the Agreement;

B.   Declaring that  title to the Stored Goods either remains with Veritas or is given to Veritas and Veritas may remove the Stored Goods from Jamaica; and

C.   Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper, including the award of costs, expenses, and reasonable attorneys' fees incurred by Plaintiff in this action.

**BOCHETTO & LENTZ, P.C.**

Dated: April 16, 2026

BY: */s/George Bochetto*
      George Bochetto, Esquire
      Albert M. Belmont, III, Esquire

      1524 Locust Street
      Philadelphia, PA 19102
      (215) 735-3900
      gbochetto@bochettoandlentz.com
      abelmont@bochettoandlentz.com

      *Attorneys for Plaintiff*

8