**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| VERITAS MEDICAL SOLUTIONS, LLC,<br>*Plaintiff,*<br>v.<br>ALLIANCE INTERNATIONAL MEDICAL (AIM) LIMITED,<br>*Defendant.* | CIVIL ACTION<br>NO. 26-2520 |

**Pappert, J.** **October 15, 2026**

**MEMORANDUM**

On September 24, 2026, Veritas Medical Solutions, LCC filed an *ex parte* motion for special appointment of APS International, Ltd., to effect service of process on Alliance International Medical (AIM) Limited, a Jamaican-based company. (Pl.'s *Ex Parte* Mot. for Special Appointment for Service of Process, Dkt. No. 6.) Veritas mailed AIM a Waiver of Summons form and associated documents on June 25, 2026, which went unanswered. (Pl.'s Mot. ¶¶ 4, 5.) The Court denies the Motion without prejudice.

I

The United States Supreme Court has stated that "the core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." *Henderson v. United States*, 517 U.S. 654, 672 (1996).

Veritas requests an order appointing APS International to serve process on AIM under Federal Rule of Civil Procedure 4(c)(3). Rule 4(c)(3) states that, "[a]t the plaintiff's request, the court *may* order that service be made by . . . a person

specially appointed by the court." Fed. R. Civ. P. 4(c)(3) (emphasis added). However, it is not clear from Veritas's motion that APS International requires any authority not already provided under the Federal Rules. *See e.g.*, *Millennium Pharm. Sys., LLC v. MAPA Operating, LLC*, No. CV 19-2428, 2019 WL 7297658 (E.D. Pa. Dec. 30, 2019). Rule 4(c)(2) allows service by "[a]ny person who is at least 18 years old and not a party" to the case. As such, a "court appointment no longer is necessary when the plaintiff wants to use someone other than a marshal or deputy marshal. . . . [A] court appointment will be appropriate only when a particular person is needed or that person needs to be given an authority that is not available to the ordinary private process server." *Millennium Pharm.*, 2019 WL 7297658, at *1–2 (quoting 4A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1091 (4th ed. 2019)). Veritas does not state why APS International needs authority from the court to serve AIM. *Id.* (quoting *Allstate Ins. Co. v. Weir*, 531 F. Supp. 2d 674, 679 (E.D.N.C. 2008) ("[A]ny motion for appointment of a special process server should indicate why that authority is necessary to accomplish service of process.")).

II

A business entity in a foreign country "must be served . . . in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h). Rule 4(f) establishes that, if there is no internally agreed means of service, an individual in a foreign country may be served "by a method that is reasonably calculated to give notice," which includes service "as

prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction." Fed. R. Civ. P. 4(f)(2)(a).

Jamaica is not a party to the Hague Convention, so Rule 4(f)(2) applies. *See Copia Commc'ns, LLC, v. AM Resorts, L.P.*, No. CV 16-5575, 2017 WL 2656184 (E.D. Pa. June 20, 2017); U.S. Embassy in Kingston, *Serving Papers/Process of Service*, U.S. Embassy in Jamaica (July 15, 2025), https://jm.usembassy.gov/serving-papers/?_ga=2.259411978.1658471165.1792014737-308321095.1792014715. Accordingly, service of process may be effected according to Jamaican laws for service. Fed. R. Civ. P. 4(f)(2)(a).

Jamaican Rule of Civil Procedure Rule 5.7 allows for service on a limited company. Jamaica R. Civ. P. (2006). As such, Veritas may effect service of process through any of the means set forth in Rule 5.7, which would include "serving the claim form personally on any director, officer, receiver, receiver-manager or liquidator of the company" or "serving the claim form personally on an officer or manager of the company at any place of business of the company which has a real connection with the claim." Rule 5.7(c) & (d).

An appropriate Order follows.

BY THE COURT:

***/s/ Gerald J. Pappert***

Gerald J. Pappert, J.